[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13685
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-00268-MEF-WC


ALVIN TUCKER,

Plaintiff-Appellant,

versus

SEJONG ALABAMA, LLC,
SEJONG GEORGIA, LLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(May 23, 2013)

Before MARCUS, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Alvin Tucker, an African-American citizen of the United States, appeals pro

se the district court's grant of summary judgment in favor of Sejong Alabama,

LLC and Sejong Georgia, LLC (collectively "Sejong") in Tucker's employment discrimination action under 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2(a), 2000e-3(a); and several Alabama torts.  On appeal, Tucker argues that the district court erred in granting Sejong's motion for summary judgment on Tucker's discriminatory and retaliatory termination claims under § 1981 and Title VII, as well as on his state law claims. Upon review of the record and consideration of the parties' briefs, we affirm.

The only federal claims that Tucker has preserved for appeal are his claims of discriminatory and retaliatory termination.  Tucker argues that the district court erred in finding that he had offered no direct evidence of discrimination.  This argument is without merit.  Tucker has failed to identify any statements by Sejong's managers that show a discriminatory intent without inference. *See Hinson v. Clinch Cnty., Ga. Bd. of Educ.*, 231 F.3d 821, 827 (11th Cir. 2000). Tucker has likewise not established sufficient circumstantial evidence of a prima facie case of discrimination or retaliation with regard to his termination. Nonetheless, even assuming *arguendo* that Tucker established a prima facie case for his discrimination and retaliation claims, the district court did not err in granting Sejong's motion for summary judgment because Tucker did not show that Sejong's reason for firing him was pretextual. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1024–25 (11th Cir. 2000) (en banc).

2

Accordingly, we affirm.

**AFFIRMED.**